**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV10-0444 PHX DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Vistoso Partners, LLC, ) | |
| Defendant. ) | |

The parties placed a discovery conference call to the Court on November 22, 2010. Plaintiff asked the Court to strike Defendant's expert witness disclosures as insufficient under the Court's Case Management Order and Rule 26. After taking the matter under advisement, the Court will grant Plaintiff's request.

The Case Management Order required defense expert disclosures to be made by August 27, 2010. Defendant identified two experts on that date, but failed to provide any expert reports as required by Rule 26(a)(2)(B). Defense counsel explained during the conference call that he assumed such reports would be due in advance of the expert deposition deadline, which was set on December 17, 2010. Defense counsel did not dispute that the Case Management Order was clear, but asserted that he simply missed the deadline. In effect, Defendant asks the Court to extend the deadline for expert disclosures from August 27, 2010, to early December, 2010.

Deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

1  608 (9th Cir. 1992). "Good cause" exists when a deadline "cannot reasonably be met despite
2  the diligence of the parties seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.
3  Notes (1983 Am.)  Thus, "Rule 16(b)'s 'good cause' standard primarily considers the
4  diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman*
5  *v. Quaker Oats Co.*, 232 F.3d 1271, 1274 (9th Cir. 2000). Where that party has not been
6  diligent, the inquiry ends and the motion is denied. *Zifkovic v. S. Cal. Edison Co.*, 302 F.3d
7  1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609.
8       The Case Management Order in this case established a clear deadline for all defense
9  expert disclosures:

> Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **August 27, 2010**.

12 Doc. 15, ¶ 5(b) (bold in original). Detailed expert reports are required by Rule 26(a)(2)(B),
13 and the Court's order made clear that "full and complete" compliance with this requirement,
14 as well as the requirements of Rule 26(a)(2)(A) and (C), must occur on August 27, 2010.
15 Defense counsel asserts that he simply misunderstood the order and missed the deadline, but
16 inadvertence does not satisfy the good cause standard for extending a litigation deadline. As
17 the Ninth Circuit has explained, "carelessness is not compatible with a finding of diligence
18 and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Nor has Defendant
19 shown that it could not meet the Court's deadline through reasonable diligence. In short,
20 Defendant has not shown good cause and the Court therefore will not extend the deadline for
21 defense expert disclosures.
22      Because Defendant has not disclosed expert reports as required by Rule 26(a)(2)(B),
23 the Court will not permit Defendant to use experts in this litigation. The Court concludes that
24 the failure is not substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). This case
25 is less than four weeks from the close of discovery. Doc. 15. Not only has the deadline for
26 Defendant's expert disclosures passed, but the deadline for any rebuttal experts from Plaintiff
27 has passed as well. The parties have had ample opportunity to comply with the Case

1 Management Order, and further delay in the resolution of this case simply is not warranted.[1]

2 "In these days of heavy caseloads, trial courts . . . set schedules and establish
3 deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the*
4 *Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "The parties must understand that they
5 will pay a price for failure to comply strictly with scheduling and other orders[.]" *Id.*

6 **IT IS ORDERED** that Defendant's expert witnesses are stricken and will not be
7 permitted to testify in this litigation.

8 DATED this 23rd day of November, 2010.

_____
David G. Campbell
United States District Judge

---

[1] Plaintiff's counsel stated during the conference call that it has identified no expert witnesses in this case, and would have done so only in response to Defendant's expert reports. Thus, if the Court were to extend the defense expert deadline in this case, it would also need to extend the rebuttal expert deadline, the expert deposition deadline, and the dispositive motion deadline. Resolution of the entire case would be significantly delayed.