**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV10-0444 PHX DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Vistoso Partners, LLC, | ) | |
| Defendant. | ) | |

Plaintiff United States of America moves for reconsideration of this Court's June 6, 2011 order (Doc. 48) granting summary judgment in part to Defendant on Plaintiff's Arizona Fraudulent Transfer Act ("AFTA") claim. Doc. 50.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Plaintiff argues the Court committed manifest error in holding the AFTA claim is time-barred because the time limitations of the tax-collections statute 26 U.S.C. § 6502(a)(1)

works to save Plaintiff's AFTA claim. Doc. 50-1 at 2. On summary judgment, the non-moving party bears the burden of presenting arguments in its defense. *See, e.g., Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1044 (9th Cir. 2011). As this Court's June 6 order expressly found, Plaintiff has failed to make the argument that § 6502(a)(1) saves its AFTA claim. Doc. 48 at 10:15-16, 11:10-15. Reconsideration is not the proper venue for making new arguments, and Plaintiff cites no law requiring a court to *sua sponte* raise the arguments not made by the Plaintiff.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 50) is **denied**.

DATED this 27th day of June, 2011.

_____
David G. Campbell
United States District Judge